JAMES C. NIELSEN (111889)
*jnielsen@nkllp.law*
DANIEL N. KATIBAH (293251)
*dkatibah@nkllp.law*
NIELSEN KATIBAH LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Plaintiff
WESCO INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

WESCO INSURANCE COMPANY, a Delaware corporation,

Plaintiff,

v.

BRAD INGRAM CONSTRUCTION dba BRAD INGRAM CONSTRUCTION, INC., an individual,

Defendant.

Case No.: 3:21-cv-05682

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

Plaintiff Wesco Insurance Company complains against defendant Brad Ingram Construction dba Brad Ingram Construction, Inc., as follows:

FIRST CLAIM FOR DECLARATORY JUDGMENT

1. Wesco is a Delaware corporation with its principal place of business in New York City.

2. Upon information and belief, defendant Brad Ingram Construction dba Brad

Ingram Construction, Inc., ("Ingram Construction") was at all times mentioned an individual form of business located in Redwood Valley, California.

3. Jurisdiction is proper in this Court under 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. As alleged below, this case addresses a dispute over defense and indemnity of an underlying lawsuit filed by a truck driver who worked on the State of California's project to clean up debris and waste generated by the November 2018 Camp Fire in Northern California. The plaintiff in that action—not a party here—claims he suffered respiratory injuries from having inhaled toxic dust during the project, and has now sued one of the project's prime contractors (among others). The prime contractor has cross-sued Ingram Construction, which tendered to Wesco under a policy of general-liability insurance Wesco issued to Ingram Construction as named insured. Aside from Ingram Construction's exposure to ultimate liability, defense expenses alone in the underlying action can reasonably be expected to exceed $75,000.

4. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(1), because Ingram Construction resides in Redwood Valley (Mendocino County), which is within the Northern District of California.

5. Under Northern District Local Rule 3-2(f), Ingram Construction's residence in Mendocino County would, in the first instance, spur assignment to this Court's Eureka Division. Because, however, Wesco has filed a declination to proceed before a magistrate judge concurrently with this complaint, this matter must "be reassigned to a district judge in one of the Bay Area Divisions" per Local Rule 3-2(g).

6. This declaratory-judgment action arises from a lawsuit currently proceeding in the Butte County Superior Court, styled *Vargas v. Ceres Env'l Svcs., Inc., et al.*, Case No. 20CV01591.

7. Solely for purposes of describing the allegations in the *Vargas* action and without admitting the truth thereof, the *Vargas* plaintiff alleges that his employer, Garlow Transport, was hired as a subcontractor by Ceres Environmental Services, Inc., one of

three prime contractors the State of California—through its Department of Resources, Recycling, and Recovery (generally known as CalRecycle)— hired to clean up toxic debris left in the wake of the Camp Fire. The *Vargas* plaintiff alleges that the project entailed removing millions of tons of contaminated soil and debris and that he transported hundreds of truckloads of this toxic debris away from the site. The *Vargas* plaintiff contends that neither Ceres nor CalRecycle provided him with protective garments or air-filtration devices, such as a mask or a respirator, and that he was exposed without protection to toxic debris dust whenever he loaded and unloaded his truck at the cleanup and dump sites. The plaintiff was hospitalized with respiratory symptoms after the project and eventually diagnosed with a disease called sarcoidosis, which has allegedly rendered him permanently disabled. The plaintiff sued Ceres and CalRecycle on various causes of action, and Ceres cross-complained against Ingram Construction (another one of its subcontractors) seeking indemnity for the plaintiff's alleged damages.

8. Wesco issued a policy of commercial general liability insurance, number WPP1447345 03, to "Brad Ingram Construction dba Brad Ingram Construction, Inc." as Named Insured, effective for the policy period April 1, 2019, through April 1, 2020. The policy afforded a per-occurrence liability limit of $1,000,000 and an aggregate limit of liability of $2,000,000.

9. Wesco's policy sets forth, among other language, the following terms:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

* * *

**SECTION I—COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**.

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend

the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.***

* * *

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;

* * *

**TOTAL POLLUTION EXCLUSION ENDORSEMENT**

This insurance does not apply to:

f. Pollution

(1) "Bodily Injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

* * *

**SECTION V – DEFINITIONS**

* * *

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

* * *

10. Ingram Construction tendered its defense of the *Vargas* cross-complaint to Wesco. Wesco has disclaimed any duty to defend, and thus any duty to indemnify, Ingram Construction under the policy.

11. An actual controversy has arisen and now exists between Wesco, on one hand, and Ingram Construction, on the other hand, concerning their respective rights and obligations with respect to the *Vargas* cross-complaint. Wesco contends that it owes no duty to defend or to indemnify Ingram Construction against the allegations in the *Vargas* cross-complaint because the suit does not expose Ingram Construction to liability for damages covered by the terms and conditions of Wesco's policy. Wesco is informed and believes that Ingram Construction contends to the contrary of Wesco's contentions set forth above.

12. Wesco therefore requests that this Court enter a binding judicial declaration in accordance with Wesco's contentions set forth above. The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

WHEREFORE, Wesco prays for judgment as follows:

a. That the Court make and enter its binding judicial declarations in accordance with Wesco's contentions set forth above;

b. That Wesco be awarded its costs of suit incurred herein; and

c. For such other and further relief as the court deems just and proper.

DEMAND FOR JURY TRIAL

Wesco Insurance Company hereby demands trial by jury in accordance with Fed.R.Civ.P. 38(a).

July 23, 2021

NIELSEN KATIBAH LLP

By: /s/ *Daniel N. Katibah*
DANIEL N. KATIBAH
Attorneys for Plaintiff
WESCO INSURANCE COMPANY