# EXHIBIT C

```
 1  I. HOOSHIE BROOMAND (SBN: 210206)
    DANNY A. BARAK (SBN: 252066)
 2  GORDON REES SCULLY MANSUKHANI, LLP
    3 Parkcenter Drive, Suite 200
 3  Sacramento, CA 95825
    Telephone:  (916) 565-2900
 4  Facsimile:  (916) 920-4402
    hbroomand@grsm.com
 5  dbarak@grsm.com

 6  Attorneys for Defendant/Cross-Complainant
    CERES ENVIRONMENTAL SERVICES, INC. WHICH WILL DO BUSINESS IN
 7  CALIFORNIA AS ENVIRONMENTAL & DEMOLITION SERVICES GROUP, erroneously
    sued as CERES ENVIRONMENTAL SERVICES, INC., d/b/a Environmental and Demolition
 8  Services Group
```

Superior Court of California
County of Butte
FILED 9/30/2020
Kimberly Flener, Clerk
By _____ Deputy
Electronically FILED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF BUTTE

| | |
|---|---|
| RICHARD VARGAS, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>CERES ENVIRONMENTAL SERVICES, INC., d/b/a Environmental and Demolition Services Group, a Minnesota corporation; THE STATE OF CALIFORNIA DEPARTMENT OF RESOURCES, RECYCLING AND RECOVERY, aka ("CALRECYCLE"); and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 20CV01591<br><br>Assigned for all Purposes to:<br>Judge Robert A. Glusman<br><br>**CROSS-COMPLAINT OF CERES ENVIRONMENTAL SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ENVIRONMENTAL & DEMOLITION SERVICES GROUP, *ERRONEOUSLY SUED AS* CERES ENVIRONMENTAL SERVICES, INC., D/B/A ENVIRONMENTAL AND DEMOLITION SERVICES GROUP**<br><br>Complaint filed: August 11, 2020 |
| CERES ENVIRONMENTAL SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ENVIRONMENTAL & DEMOLITION SERVICES GROUP, erroneously sued as CERES ENVIRONMENTAL SERVICES, INC., d/b/a Environmental and Demolition Services Group,<br><br>    Cross-Complainant,<br><br>    vs.<br><br>BRAD INGRAM TRUCKING, INC.; GARLOW TRANSPORT, LLC and ROES 1 through 20, inclusive,<br><br>    Cross-Defendants. | |

-1-

Cross-Complaint of Ceres Environmental Services, Inc. which will do business in California as Environmental & Demolition Services Group, *erroneously sued as* Ceres Environmental Services, Inc., d/b/a Environmental and Demolition Services Group

EXHIBIT C

1    COMES NOW Defendant and Cross-Complainant CERES ENVIRONMENTAL SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ENVIRONMENTAL & DEMOLITION SERVICES GROUP, *erroneously sued as* CERES ENVIRONMENTAL SERVICES, INC., d/b/a Environmental and Demolition Services Group ("Cross-Complainant" or "Ceres") alleges:

## GENERAL ALLEGATIONS

1. Defendant and Cross-Complainant CERES is a corporation that is engaged in a business for which it is duly licensed in the State of California.

2. Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant GARLOW TRANSPORT, LLC is a Limited Liability Company with its principal place of business located in San Diego, California and does business in the Butte County, California.

3. Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant BRAD INGRAM CONSTRUCTION is an unknown California entity with its principal place of business located in Redwood Valley, California and does business in Butte County, California.

4. The true names and capacities, whether individual, corporate, associate, government, or otherwise, of Cross-Defendants ROES 1 through 20, inclusive, are unknown to Cross-Complainant, who therefore sues said Cross-Defendants by such fictitious names pursuant to *California Code of Civil Procedure* §474. Cross-Complainant prays leave of court to amend this Cross-Complaint to set forth their true names and capacities when the same have been ascertained.

5. Cross-Complainant is informed and believes, and based thereon alleges, that Cross-Defendant and ROES 1 through 20, inclusive, were negligently responsible or strictly liable in some manner for the events and happenings herein alleged, and that such negligence proximately caused the injuries and damages herein set forth if any in fact were sustained, by the Plaintiff. Cross-Complainant is uncertain as to the manner or function of said Cross-Defendants, and Cross-Complainant prays leave to amend this Cross-Complaint when the same has been

-2-

Cross-Complaint of Ceres Environmental Services, Inc. which will do business in California as Environmental & Demolition Services Group, *erroneously sued as* Ceres Environmental Services, Inc., d/b/a Environmental and Demolition Services Group

EXHIBIT C

BATES 180

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

1  ascertained.

2  6. At all times mentioned herein, each Cross-Defendant was the agent, servant and
3  employee of all of the remaining Cross-Defendants, and at all times herein mentioned, was
4  acting within the course and scope of such agency and employment.

5  7. Plaintiff, Richard Vargas (hereinafter "Plaintiff"), filed his Complaint to initiate
6  this action on or about August 11, 2020, naming Ceres Environmental Services, Inc., d/b/a
7  Environmental and Demolition Services Group, a Minnesota corporation; The State of California
8  Department of Resources, Recycling and Recovery, aka ("CALRECYCLE"); and Does 1-10 as
9  Defendants and also asserted causes of action for Breach of Contract and Breach of Warranties.

10  8. Ceres files this cross-action against Cross-Defendants herein, seeking indemnity
11  from them for the claimed damages sought by Plaintiff.

12  9. In the primary action, Plaintiff seeks damages for alleged injuries sustained due
13  working as a driver for GARLOW TRANSPORT, LLC, which was contracted to perform work
14  following the Camp Fires in Paradise, California.   A true and correct copy of Plaintiff's
15  complaint is attached hereto as Exhibit "A".

16  9. Upon information and belief, Ceres alleges that others, including but not limited
17  to Cross-Defendants in this Cross-Complaint are responsible in whole or at least in part for
18  Plaintiff's claimed damages for which they seeks recovery in this action, and so Cross-
19  Complainant therefore asserts the following causes of action:

## FIRST CAUSE OF ACTION

**(Implied/Equitable Indemnity Against All Cross-Defendants)**

22  10. Cross-Complainant hereby incorporates by reference paragraphs 1 through 9 of
23  the Cross-Complaint, as though fully set forth herein.

24  11. Should Plaintiff recover damages from, and/or obtain a judgment against Cross-
25  Complainant, then said damages and/or judgment will be exclusively the legal result of the
26  active, primary conduct of the Cross-Defendant(s) named above, including Cross-Defendants
27  named as ROE Cross-Defendants, and each of them, such that Plaintiff's injuries and damages, if
28  any, were therefore the direct, proximate, and legal result of the acts and omissions of the Cross-

*Gordon Rees Scully Mansukhani, LLP*
*3 Parkcenter Drive, Suite 200*
*Sacramento, CA 95825*

-3-

Cross-Complaint of Ceres Environmental Services, Inc. which will do business in California as Environmental & Demolition Services Group, *erroneously sued as* Ceres Environmental Services, Inc., d/b/a Environmental and Demolition Services Group

EXHIBIT C

1  Defendants alone.

2      12.    By reason of the foregoing allegations, Cross-Complainant is entitled to be indemnified by Cross-Defendants, for any reason and all amounts which may, in good faith, be paid by way of compromise, settlement or judgment. Further, Cross-Complainant will be entitled to attorney fees, costs, and expenses in connection thereto. As a direct and proximate result of the acts and/or omissions of Cross-Defendants, Cross-Complainant will have been damaged in an amount equal to the amount of the verdict against Cross-Complainant if any.

    13.    As a further proximate result of the acts and/or omissions of Cross-Defendants, Cross-Complainant has been required, and will be required in the future, to incur costs, expenses, and attorney fees in defending itself against this action in sums and amounts presently unknown and not as of yet fully ascertained, but which will be proved. By this Cross-Complaint, Cross-Complainant is tendering the defense of this matter to one or more Cross-Defendants pursuant to *Code of Civil Procedure* §1021.6.

    14.    As a result, in the event that Plaintiff obtain a judgment against Cross-Complainant, it is entitled to a like and concurrent judgment in the same amount against Cross-Defendants, and each of them, which judgment shall include all attorney's fees and costs incurred by Cross-Complainant herein.

    15.    Cross-Complainant contends that it is in no way liable for the events and occurrences described in the Plaintiff's Complaint, or for any of Plaintiffs' alleged damages.

    16.    However, following trial of this matter, if Cross-Complainant is found liable for any of the injury or damages allegedly sustained by Plaintiff, which liability is not admitted but alleged merely for the purposes of pleading this cause of action, then it will incur liability in excess of its fault, if any, attributable to its own acts and/or omissions.

    17.    Further, if Cross-Complainant is held liable to the Plaintiff or any other parties, such liability will be predicated solely upon the active and primary negligence, fault or conduct of the Cross-Defendants, and each of them, or would be predicated solely upon the existence of a defect, deficiency, wrongful act or omission, or breach of obligation, for which the Cross-Defendants, and each of them, are primarily responsible, and any liability of Cross-Complainant

*Left margin:* Gordon Rees Scully Mansukhani, LLP / 3 Parkcenter Drive, Suite 200 / Sacramento, CA 95825

1  would be solely of a passive, secondary and indirect nature, and not resulting from these Cross-
2  Defendants' conduct, but only from obligations arising by law.

3   18.   By reason of the foregoing Cross-Complainant is entitled to be indemnified by
4  Cross-Defendants for any and all amounts which may in good faith be paid by means of a
5  compromise, settlement or judgment and, further, shall be entitled to collect their attorneys' fees
6  and costs incurred in connection therewith, including if, upon trial of the matter, Cross-
7  Complainant is found liable to Plaintiff. As a direct and legal result of the acts and omissions of
8  Cross-Defendants, and each of them, Cross-Complainant will have been damaged in an amount
9  equal to that portion of the amount of the verdict attributable to the acts and omissions of Cross-
10  Defendants, and each of them.

11   19.   As a further legal and proximate result of the acts and omissions of Cross-
12  Defendants, and each of them, Cross-Complainant will in the future be required to incur
13  attorney's fees and costs in defending against claims arising in connection with this action, which
14  amounts are now unknown and not yet not fully ascertained, to be proven at trial.

15  WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants and
16  each of them as hereinafter set forth.

17  **SECOND CAUSE OF ACTION**
18  **(Equitable Contribution Against All Cross-Defendants)**

19   20.   Cross-Complainant hereby incorporates by reference paragraphs 1 through 19 of
20  the Cross-Complaint, as though fully set forth herein.

21   21.   Cross-Complainant denies that it was primarily or actively negligent and any
22  liability to Plaintiff would be solely vicarious, based upon passive and secondary conduct,
23  arising as a matter of law. The damages payable to Plaintiff, if any, would be the result of said
24  primary and active negligence of the Cross-Defendants, and each of them, as described above,
25  which negligence was the legal and proximate cause of the alleged damage of which Plaintiff
26  now complains.

27   22.   Cross-Complainant further contends that, if it is found liable for any of the injury
28  or damages allegedly sustained by Plaintiff, which liability is not admitted but alleged merely for

-5-

Cross-Complaint of Ceres Environmental Services, Inc. which will do business in California as Environmental & Demolition Services Group, *erroneously sued as* Ceres Environmental Services, Inc., d/b/a Environmental and Demolition Services Group

EXHIBIT C

BATES 183

the purposes of pleading this cause of action, then it is entitled to contribution for the payment of any judgment in favor of Plaintiff and against these Cross-Defendants, or of any settlement in part in anticipation of a judgment, in proportion to the fault, responsibility and/or actual culpability caused and created by Cross-Defendants, and each of them. Cross-Defendants should therefore indemnify Cross-Complainant and hold it harmless for any and all claims by Plaintiff and reimburse it for any monies paid in satisfaction of any judgment or any monies paid as a settlement in anticipation of judgment, for all attorney's fees and costs in defending said claims, such that Cross-Complainant should have a carry-over judgment against Cross-Defendants.

23.  By reason of the foregoing, Cross-Complainant contends that if it is held liable for alleged damages set forth in the Complaint, under the doctrine of indemnity for comparative contribution, (*American Motorcycle Association v. Superior Court*, (1978) 20 Ca1.3d 578), it is entitled to contribution and/or indemnification on the basis that the Cross-Defendants, and each of them, should be required to share liability with Cross-Complainant pro rata, on the basis of the relative fault that each bears for the total damage award to Plaintiff, if any, whether in the form of a judgment, settlement or compromise.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants and each of them as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Declaratory Relief Against All Cross-Defendants)**

24.  Cross-Complainant hereby incorporates by reference paragraphs 1 through 23 of the Cross-Complaint, as though fully set forth herein.

25.  An actual and present controversy has arisen and now exists between Cross-Complainant and the Cross-Defendants, and each of them, concerning their respective rights and duties. Cross-Complainant contends, and the Cross-Defendants deny, that in the event Cross-Complainant is held liable to any party in this action, then Cross-Complainant will be entitled to be indemnified by each of the Cross-Defendants herein for the full amount, or for some proportionate share, of any loss suffered by, or judgment paid by, Cross-Complainant and for all expenses which may be incurred by it in the defense of the claims of any party in the action, and

-6-

Cross-Complaint of Ceres Environmental Services, Inc. which will do business in California as Environmental & Demolition Services Group, *erroneously sued as* Ceres Environmental Services, Inc., d/b/a Environmental and Demolition Services Group

EXHIBIT C

1  in the pursuit of this Cross-Complaint.

2  26.  It is further contended by Cross-Complainant that the trier of fact in this action
3  should, in connection with the issuance of a judgment in this action, issue a declaration as to the
4  percentage ratio of fault, responsibility and/or contributing culpability as between Plaintiff,
5  Defendant/Cross-Complainant and Cross-Defendants, and each of them, so that actual fault,
6  responsibility, and/or contributing culpability of each can be determined and set forth in the
7  verdict, decision and/or judgment.

8  27.  Such a declaration is necessary and appropriate so that Cross-Complainant may
9  ascertain its respective rights, duties, and obligations with respect to the Plaintiff's claims, and its
10 rights and entitlements, including its right to be defended and held harmless by Cross-
11 Defendants, and each of them.

12 28.  The adjudication of this Cross-Complaint will be in furtherance of justice, and
13 will further expedite the business in the above Court by promoting judicial economy.

14 WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants and
15 each of them as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Comparative Negligence Against All Cross-Defendants)**

29.  Cross-Complainant re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 27 as though fully set forth herein.

30.  Cross-Complainant is informed and believes and, upon such information and belief, alleges that Cross-Defendants, and each of them, caused or contributed to some or all of the damages, if any there were, alleged in Plaintiff's Complaint on file herein, and may therefore have an obligation to defend, indemnify, and hold this Cross-Complainant harmless for some or all of the damages it may suffer by reason of Plaintiff's Complaint on file herein.

31.  In order to prevent a multiplicity of litigation, a determination of the comparative fault, if any, of Plaintiff, Cross-Complainant, Cross-Defendants, and each of them, should be made at the trial of this action.

32.  Cross-Complainant alleges that Plaintiff, Cross-Defendants, or their employees or

-7-

Cross-Complaint of Ceres Environmental Services, Inc. which will do business in California as Environmental & Demolition Services Group, *erroneously sued as* Ceres Environmental Services, Inc., d/b/a Environmental and Demolition Services Group

EXHIBIT C

BATES 185

1  agents, negligently, defectively or in some other actionable manner, caused the damages which
2  Plaintiffs seeks recovery in this action.

3      33.    Based thereon, Cross-Defendants, and each of them, should be required to hold
4  harmless, defend, and indemnify Cross-Complainant in the amount of any judgment, expenses,
5  legal fees, costs of suit, settlement and/or damages which Cross-Complainant incurs as a result of
6  the action in chief.

7      WHEREFORE, Cross-Complainant prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Breach of Contract against BRAD INGRAM CONSTRUCTION and ROES 1-10)**

10      34.    Cross-Complainant incorporates by reference each and every paragraph of this
11  Cross-Complaint necessary to state this cause of action as though fully set forth herein.

12      35.    During all times herein mentioned, Cross-Complainant and/or its predecessors
13  or related entities were entities duly licensed by the State of California. Cross-Defendant Brad
14  Ingram Construction and Roes 1-10 entered into a written contract with Cross-Complainant,
15  and/or its predecessors, successors, agents and related entities, relative to work performed,
16  services provided, oversight of workforces and/or materials supplied to the Project identified
17  and which are the subject of Plaintiffs' Complaint (the "Project"). Each of the contracts is
18  intended for the benefit of Cross-Complainant, as well as its predecessors, successors, agents
19  and related entities. The operative contracts require, *inter alia,* to defendant and indemnify
20  Ceres for any claims "which any Indemnitee may at any time suffer or sustain or become liable
21  for caused by or resulting from the Subcontractor's, or any of the subcontractor's agents,
22  representatives, subcontractors, suppliers or any one directly or indirectly employed by any of
23  them or anyone whose acts they may be liable for Claims specifically including but not limited
24  to those arising from…. (4) negligent or willful acts or omissions in performance of the Work;
25  or (5) personal injury, death, or property damage arising from Subcontrator's Work, regardless
26  of whether such liabilities are caused in part by an Indemnitee…"

27  / / /
28  / / /

-8-

Cross-Complaint of Ceres Environmental Services, Inc. which will do business in California as Environmental & Demolition Services Group, *erroneously sued as* Ceres Environmental Services, Inc., d/b/a Environmental and Demolition Services Group

EXHIBIT C

BATES 186

36. The contracts further require, inter alia, the Subcontractor Cross-Defendants to obtain comprehensive general liability insurance coverage naming Cross-Complainant and/or its predecessors, affiliates or related entities, as additional insureds.

37. Cross-Complainant has at all times performed the terms, conditions, and requirements of the contracts in the manner specified therein

38. Plaintiffs' Complaint on file herein alleges numerous claims and damages to Plaintiff. Although Cross-Complainant denies and refutes the allegations in Plaintiffs' Complaint, Cross-Complainant is informed and believes and based thereon alleges that any such claims by Plaintiff, which are denied, and/or related injuries are the direct and proximate result of the breach of the contracts by Subcontractor Cross-Defendants, and each of them. Cross-Complainant is informed and believes and based thereon alleges that the Subcontractor Cross-Defendants further breached the operative contracts by failing to obtain the insurance coverage required therein.

39. As a direct and proximate result of the breach of the contracts by Subcontractor Cross-Defendants, and each of them, Cross-Complainant is informed and believes and based-thereon alleges that it has and will continue to suffer damages, including but not limited to, any sums paid by way of settlement, or in the alternative, judgment rendered against Cross-Complainant in the action herein. Cross-Complainant has incurred further damages as a result of the breach of the contracts by Cross-Defendants, and each of them, including but not limited to, litigation costs, consultants' fees, attorneys' fees, and other costs incurred in the defense of this action and prosecution of this Cross-Complaint.

## SIXTH CAUSE OF ACTION

**(Express Indemnity against BRAD INGRAM TRUCKING and Roes 1-10)**

40. Cross-Complainant incorporates by reference each and every paragraph of this Cross-Complaint necessary to state this cause of action as though fully set forth herein.

41. Prior to the incidents alleged in Plaintiffs' Complaint, each and every Subcontractor Cross-Defendant entered into one or more written contract(s) with Cross-Complainant and/or its predecessors. Each of the contracts is intended for the benefit of

-9-
Cross-Complaint of Ceres Environmental Services, Inc. which will do business in California as Environmental & Demolition Services Group, *erroneously sued as* Ceres Environmental Services, Inc., d/b/a Environmental and Demolition Services Group

EXHIBIT C

BATES 187

1. Cross- Complainant as well as its predecessors, successors, agents, and related entities. Said contracts require each and every Subcontractor Cross-Defendant to completely and fully defend, indemnify and hold harmless Cross-Complainant and/or its predecessors, and its agents, officers and employees from and against any and all claims and damages.

42. As a result of the indemnity provisions in the contracts, Cross-Complainant is informed and believes and based thereon alleges that Subcontractor Cross-Defendants, and each of them, have a present duty to defend and indemnify Cross-Complainant from the claims asserted by Plaintiffs in the Complaint.

43. As a further result of the indemnity provisions in the contracts, if Cross-Complainant is held liable to Plaintiffs or any other party by way of adjudication, settlement, or otherwise, Cross-Complainant is entitled to complete express contractual indemnity from Subcontractor Cross-Defendants, and each of them, for all damages incurred by way of settlement or judgment and for attorneys' fees and costs incurred in the defense of this action and the prosecution of this Cross-Complaint.

## SEVENTH CAUSE OF ACTION

**(Negligence against All Cross-Defendants)**

44. Cross-Complainant incorporates by reference each and every paragraph of this Cross-Complaint necessary to state this cause of action as though fully set forth herein.

45. Cross-Complainant is informed and believes and based thereon alleges that Subcontractor Cross-Defendants, and each of them, had a duty to supply materials and perform their work and services with respect to the works of improvement at issue in Plaintiffs' Complaint in a good and workmanlike manner and consistent with the applicable standard of care.

46. Cross-Complainant is informed and believes and based thereon alleges that to the extent the conditions asserted by the Plaintiff in his operative Complaint exist, which is expressly denied by Cross-Complainant, said conditions were directly and proximately caused by a breach of the applicable standard of care by Cross-Defendants, and each of them.

/ / /

47.    As a result of the negligence of Subcontractor Cross-Defendants, and each of them, Cross-Complainant is informed and believes and based thereon alleges that they have and will suffer damages including but not limited to, any sums paid by way of settlement, or in the alternative judgment rendered against Cross-Complainant in the action herein. Cross-Complainant has incurred further damages as a result of the negligence of Subcontractor Cross-Defendants, and each of them, including but not limited to, litigation costs, consultants' fees, attorneys' fees, and other costs incurred in the defense of this action and the prosecution of this Cross-Complaint.

## PRAYER

WHEREFORE, this Cross-Complainant CERES ENVIRONMENTAL SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ENVIRONMENTAL & DEMOLITION SERVICES GROUP, *erroneously sued as* CERES ENVIRONMENTAL SERVICES, INC., d/b/a Environmental and Demolition Services Group, prays for judgment against the Cross-Defendants, and each of them, as set forth herein:

1.    For an order and declaration by this court that this Cross-Complainant is entitled to be indemnified and held harmless from all of the claims of the parties herein, and each of them;

2.    In the event that judgment is entered in favor of the Plaintiff and/or any Cross-Defendants herein, and against the Cross-Complainant, that a judgment be entered in the same amount in favor of this Cross-Complainant, and against the Cross-Defendant, and each of them;

3.    For all damages, costs and expenses suffered by the Cross-Complainant by reason of any parties' claims;

4.    For all costs and expenses incurred in the defense of the Plaintiff's claims by this Cross-Complainant, and incurred in preparation and in pursuit of this Cross-Complaint;

5.    For a separate declaration of the respective degree and percentages of fault or liability, if any, of the Cross-Complainant and of the Cross-Defendant, and each of them, if and only if the Cross-Complainant is not awarded full and complete indemnity;

6.    For interest on said sum at a rate and time to be determined by the Court;

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

7. For attorneys' fees and other necessary expenses pursuant to either a contractual obligation or Cal. Code Civ. Proc. §1021.6 or any other statutory or contractual basis for recovery of attorneys' fees and costs;

8. For costs of suit incurred herein; and

9. For such other and further relief as the court deems proper.

Dated: September 30, 2020

GORDON REES
SCULLY MANSUKHANI, LLP

By: _____
I. Hooshie Broomand
Danny A. Barak
Attorneys for Defendant CERES ENVIRONMENTAL SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ENVIRONMENTAL & DEMOLITION SERVICES GROUP, *erroneously sued as* CERES ENVIRONMENTAL SERVICES, INC., d/b/a Environmental and Demolition Services Group

Re: *Richard Vargas v. Ceres Environmental Services, Inc., et al.*
Butte County Superior Court Case No. 20CV01591

**PROOF OF SERVICE**

    I am a citizen of the United States. My business address is 3 Parkcenter Drive, Suite 200, Sacramento, California 95825. I am employed in the City and County of Sacramento where this service occurs. I am over the age of 18 years and not a party to the within action. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

    On September 30, 2020, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**CROSS-COMPLAINT OF CERES ENVIRONMENTAL SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ENVIRONMENTAL & DEMOLITION SERVICES GROUP, ERRONEOUSLY SUED AS CERES ENVIRONMENTAL SERVICES, INC., D/B/A ENVIRONMENTAL AND DEMOLITION SERVICES GROUP**

**[X]**    ONLY BY ELECTRONIC TRANSMISSION. In compliance with California Rule of Court, Emergency Rule 12 Related to COVID-19 and pursuant to notice provided on September 10, 2020, only by e-mailing the document(s) to the persons at the e-mail address(es) listed.

Julie L. Fieber
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
T: (650) 697-6000; F: (650) 697-0577
jfieber@cpmlegal.com
*Attorneys for Plaintiff*

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on September 30, 2020, at Sacramento, California.

_____
VERONICA WHITAKER

**EXHIBIT C**

BATES 191